UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CALUMET REFINING L L C                    CIVIL ACTION NO. 25-cv-127

VERSUS                                    JUDGE EDWARDS

TOTAL INDUSTRIAL SERVICES                 MAGISTRATE JUDGE HORNSBY
SPECIALTIES INC ET AL

**MEMORANDUM ORDER**

Calumet Refining, LLC filed suit in state court in December 2024 against Total Industrial Services Specialties, Inc. and its alleged insurer Everest Indemnity Insurance Company. Calumet alleged that it hired Total to rebuild or repair a compressor at its facility and, due to negligence by Total employees, a large explosion and fire resulted that caused personal injury and property damages. Calumet alleged that Everest issued a policy of liability insurance that covered Total liability for the incident.

Total and Everest removed the case based on an assertion of diversity jurisdiction. The Diversity Jurisdiction Disclosure Statements indicate that Calumet is a citizen of Delaware and Indiana, Total is a citizen of Texas, and Everest is a citizen of New Jersey and Delaware. The notice of removal acknowledges that Calumet and Everest share Delaware citizenship, which would destroy diversity, but the removing defendants asserted that the citizenship of Everest should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). The removing defendants contend that a recent amendment to a Louisiana insurance statute prohibited Calumet from asserting a direct action against Everest in its petition. Calumet

has not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Calumet contests the assertion that Everest was improperly joined, it must file a motion to remand, supported by a memorandum, by **March 21, 2025** and explain why there is a reasonable basis to predict that state law would allow Calumet to pursue a claim against Everest in this action. If Calumet timely files a motion to remand, it will be noticed for briefing so that any opposing parties can respond and attempt to meet their burden on the improper joinder issue. If Calumet does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Calumet to concede the point, the claims against Everest will be dismissed without prejudice, and the case will proceed toward a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of February, 2025.

Mark L. Hornsby
U.S. Magistrate Judge