UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CALUMET REFINING, LLC                      CIVIL ACTION NO. 25-cv-127

VERSUS                                     JUDGE EDWARDS

TOTAL INDUSTRIAL SERVICES                  MAGISTRATE JUDGE HORNSBY
SPECIALTIES, INC., ET AL

**MEMORANDUM ORDER**

Calumet Refining, LLC filed suit in state court in December 2024 against Total Industrial Services Specialties, Inc. and its alleged insurer Everest Indemnity Insurance Company. Calumet alleged that it hired Total to rebuild or repair a compressor at its facility and, due to negligence by Total employees, a large explosion and fire resulted that caused personal injury and property damages. Calumet alleged that Everest issued a policy of liability insurance that covered Total liability for the incident.

Total and Everest removed the case based on an assertion of diversity jurisdiction. The Diversity Jurisdiction Disclosure Statements indicate that Calumet is a citizen of Delaware and Indiana, Total is a citizen of Texas, and Everest is a citizen of New Jersey and Delaware. The notice of removal acknowledges that Calumet and Everest share Delaware citizenship, which would destroy diversity, but the removing defendants asserted that the citizenship of Everest should be ignored pursuant to the improper joinder doctrine because a recent amendment to the Louisiana direct action law prohibited Calumet from asserting a direct action against Everest.

The court allowed Calumet an opportunity to file a motion to remand and challenge the assertion that Everest was improperly joined. Calumet filed a Motion to Remand (Doc. 18) and noted that the recent amendment limited direct actions but still provides circumstances under which a direct action may be asserted against the insurer. Calumet pointed to La. R.S. 22:1269(B)(1)(g) that allows a direct action "when the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage."

Calumet state that it lacked the information needed to determine whether there is a reasonable basis to pursue Everest under the exception. Calumet offered that if Everest would declare to the court that it is not defending this suit under a reservation of rights and further declare that it is not denying coverage to Total under any applicable policy, then Calumet would agree that (1) Everest should be dismissed without prejudice and (2) this case should remain in federal court.

Total and Everest filed a memorandum in opposition to the motion to remand. Everest affirmatively stated that it has not denied coverage to Total and has not issued a reservation of rights to Total. Everest submitted a statement from its claims adjuster, made under penalty of perjury, to attest that Everest has not denied coverage nor issued a reservation of rights. The court accepts this as a judicial admission of those facts.

Calumet filed a reply and conceded that, based on the representations of Everest and Total, Everest should be dismissed without prejudice and, because there is diversity among the properly joined parties, the case should not be remanded to state court. Accordingly, and with the agreement of Calumet, **all claims against Everest Indemnity Insurance**

**Company are dismissed without prejudice**, and Calumet's **Motion to Remand (Doc. 18)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of April, 2025.

Mark L. Hornsby
U.S. Magistrate Judge